IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1390-WYD-OES

---

BRENDA R. MOON,

Plaintiff,

v.

PARK COUNTY ROAD & BRIDGE,

Defendant.

---

## MOTION TO STAY

---

Defendant Park County Road & Bridge ("Defendant"), by its attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., hereby moves for a stay of proceedings pending the resolution of Defendant's Motion to Dismiss, and in support thereof, states as follows:

### Certification

Pursuant to D.C.COLO.L.Civ.R. 7.1(A), defense counsel has attempted to confer with the *pro se* Plaintiff by sending her a letter indicating Defendant's intent to file this Motion and requesting that Plaintiff contact defense counsel. *See* 10/19/05 Letter, attached hereto as Exhibit A. As of the time of filing of this Motion, defense counsel has not received a call from Plaintiff.

1.      On October 6, 2005, Defendant filed its Motion to Dismiss arguing that under C.R.S. § 30-11-105 and Colorado law interpreting this statute, the Court lacks personal jurisdiction over the Defendant named in Plaintiff's Complaint.

{00316797.1 10/24/2005 04:07 PM}                    1

2

2.　　Pursuant to the Court's Order dated August 15, 2005, a scheduling/planning conference has been scheduled for November 22, 2005.  The parties are to meet by November 1, 2005 to prepare a proposed Scheduling Order, then email and file the proposed order with the Court by November 17, 2005.

3.　　However, because Defendant has challenged the jurisdiction of this Court, a decision on the jurisdictional issue should be made before any further proceedings occur.  As one federal district court stated: "There can be little question but that when the jurisdiction of the Court is challenged or denied, it is the duty of the Court, on application of a party or on its own motion, to determine the question of jurisdiction before proceeding with other aspects of the case." *Allied Poultry Processors Co. v. Polin*, 134 F.Supp. 278, 279 (D. Del. 1955); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

4.　　Thus, any further proceedings before this Court or orders entered by the Court prior to a determination of its jurisdiction would be improper.  *See E.K. Carey Drilling Co. v. Murphy*, 113 F.Supp. 226, 227 (D. Colo. 1953) ("[W]here the federal court is without jurisdiction, it is improper to make any order in the cause except to dismiss the suit."); *see also Calahan v. County of Jefferson*, 429 P.2d 301, 302 (Colo. 1967) (interpreting C.R.S. § 30-11-105 and holding that "[t]his statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case."). Nevertheless, a court does have the

power to issue a temporary order to preserve the existing conditions, such as the stay requested

herein, pending a decision regarding its own jurisdiction. *Dennis Garberg & Assoc. v. Pack-*

*Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

      5.      Granting the relief requested by this Motion would be efficient and would avoid

potentially unnecessary proceedings and discovery in this matter.  Therefore, to promote

efficiency, a stay should be entered pending resolution of Defendant's challenge to this Court's

jurisdiction.

      WHEREFORE, Defendant respectfully requests that this Court enter an order staying

further proceedings in this matter until the issue of the Court's jurisdiction over the Defendant

named in Plaintiff's Complaint is determined.

      Respectfully submitted this 24th day of October, 2005.

/s/ Christian D. Hammond
Lawrence D. Stone, #8803
Christian D. Hammond, #34271
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, Colorado  80290-2101
Telephone:  (303) 861-8013

Attorneys for Defendant Park County Road
& Bridge

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2005, a true and correct copy of the foregoing **MOTION TO STAY** was served via U.S. Mail, postage prepaid, upon the following:

Brenda R. Moon, *Pro se*
P.O. Box 324
Buena Vista, CO  81211

Park County Road & Bridge
c/o Stephen A. Groome, Esq.
Park County Attorney
P.O. Box 1373
Fairplay, CO  80440


/s/ Mary Underwood
Mary Underwood